

Proskauer Rose LLP   Eleven Times Square   New York, NY 10036-8299

October 1, 2013

Elise M. Bloom
Member of the Firm
d 212.969.3410
f 212.969.2900
ebloom@proskauer.com
www.proskauer.com

**BY ECF**

The Honorable John G. Koeltl
United States District Court for the
Southern District of New York
500 Pearl Street
New York, New York 10007-1312

Re:   <u>Chen v. Major League Baseball, et al.</u> No. 13 Civ. 5494 (JGK)

Dear Judge Koeltl:

    We represent Defendants Major League Baseball Properties, Inc. and The Office of the Commissioner of Baseball d/b/a Major League Baseball (collectively referred to hereinafter as "MLB" or "Defendants"). In accordance with this Court's Individual Rules of Practice, we write to request a pre-motion conference in anticipation of filing a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted.

**<u>Background</u>**

    The allegations in this case involve events associated with the MLB All-Star Game, notably All-Star FanFest (hereinafter "FanFest"). Each year the All-Star Game takes place in a different city. In 2013, the All-Star Game was at Citi Field in New York. The Complaint alleges that in connection with the All-Star Game, MLB sponsors FanFest, which is referred to as an interactive baseball theme park. As alleged in the Complaint, FanFest 2013 began on July 12, 2013 and ended on July 16, 2013, and included the following events: player appearances and autograph opportunities, batting cages, simulated fielding practice, a station to measure the speed of the fan's pitch, a station for the fans to create their own baseball cards, among many others. Plaintiff John Chen alleged that volunteers attended an orientation session and volunteered for three four-hour shifts. Plaintiff alleged that volunteers were given a polo shirt, cap, ball, and cinch drawstring backpack (estimated retail value of $115); were permitted to enjoy FanFest activities, along with a guest, when not volunteering (entrance to which cost the public $35 for a ticket); and were also given an opportunity to win a pair of tickets to the All-Star Game.

    Plaintiff was a volunteer at FanFest in 2013 in New York. He alleges that he and the other MLB volunteers were employees entitled to be paid minimum wage pursuant to the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL"), and that MLB did not comply with the necessary record keeping requirements. He seeks to represent a putative NYLL Rule 23 class of MLB volunteers, including those for FanFest 2013 and for FanFest 2008, which also took place in New York in connection with the All-Star Game at Yankee Stadium. He also

Proskauer

The Honorable John G. Koeltl
October 1, 2013
Page 2

seeks to represent a putative collective of MLB volunteers, including those volunteers for FanFest 2011, FanFest 2012,[1] and FanFest 2013 in an FLSA collective action.

**The Proposed Motion**

Defendants seek to move to dismiss the Complaint on the ground that Plaintiff John Chen and the putative class and collective members were not employees as a matter of law under the FLSA and NYLL and, thus, the statutory protections do not apply. Defendants seek dismissal on the additional ground that even if the Court determines the volunteers were employees, the All-Star Game events, including FanFest, are exempt from the minimum wage requirements pursuant to Section 213(a)(3) of the FLSA, which exempts "seasonal or recreational establishments."

Plaintiff and the Putative Collective Members Were Not Employees Under the FLSA

The Supreme Court held in *Walling v. Portland Terminal Co.*, 330 U.S. 148, 152 (1947) that not every person that performs services for a for-profit entity is an employee under the FLSA. In *Rogers v. Schenkel*, 162 F.2d 596, 598 (2d Cir. 1947), the Second Circuit, quoting the Supreme Court in *Walling*, held that an individual who voluntarily performed services for a for-profit plating company was not a covered employee because the FLSA was not intended to cover an individual "who, without promise or expectation of compensation, but solely for his personal purpose or pleasure, worked in activities carried on by other persons either for their pleasure or profit" without compensation. *See also Okoro v. Pyramid 4 Aegis*, No. 11-C-267, 2012 U.S. Dist. LEXIS 56277 at *14, 21-22 (E.D. Wisc. April 23, 2012) (noting that the Supreme Court has recognized that an individual can volunteer for a for-profit entity) (citing *Tony and Susan Alamo Foundation v. Secretary of Labor*, 471 U.S. 290 (1985) and *Walling*, 330 U.S. 148).

In determining whether individuals volunteering their time are covered by the FLSA, courts generally consider a number of factors, including whether the individuals are dependent upon the business to which they render services, whether there was an expectation or contemplation of compensation, whether the relationship benefitted the plaintiffs, and whether the activity is a full-time occupation. *See Tony and Susan Alamo Foundation*, 471 U.S. at 303; *Okoro*, 2012 U.S. Dist. LEXIS 56277 at *14, 23; *Hallissey v. America Online, Inc.*, 2006 U.S. Dist. LEXIS 12964 (S.D.N.Y. Mar. 10, 2006). Based on the above factors, Plaintiff's factual allegations in the Complaint, if taken as true, establish as a matter of law that MLB's volunteers were not employees within the meaning of the FLSA.

Plaintiff alleges that volunteers were recruited through MLB's website to volunteer during the course of the five days of All-Star Game events, including FanFest (Compl. ¶¶ 2, 18, 27, 49); that volunteers were asked to perform functions for three four-hour shifts (Compl. ¶ 31); and that Plaintiff, himself, was asked to perform functions for three shifts during the five day event (Compl. ¶ 101). These allegations, as a matter of law, demonstrate that Plaintiff was not covered by the FLSA. First, Plaintiff alleges that he volunteered for a total of 17 hours over

---

[1] FanFest 2011 was held in Phoenix, Arizona and FanFest 2012 was held in Kansas City, Missouri.


**Proskauer**

The Honorable John G. Koeltl
October 1, 2013
Page 3

three days, and he does not allege *any* expectation of a further assignment, which cannot establish that he was economically dependent upon MLB or that volunteering at FanFest was a full-time job.  Second, Plaintiff alleges that he was recruited to be an unpaid volunteer and does not allege that he had any expectation that he would receive wages or compensation through his volunteering services.  Third, Plaintiff alleges that he received free admission for himself and another to FanFest when he was not volunteering, as well as a shirt, cap, backpack, water bottle and baseball, thus receiving several benefits.

<u>MLB All-Star Game Events, Including FanFest, Are Exempt from the FLSA</u>

Even if the volunteers could be considered employees under the FLSA – which they are not – MLB's All-Star Game events, including FanFest, are exempt from the minimum wage requirements under 29 U.S.C. § 213(a)(3), which exempts amusement and recreational establishments that do not operate for more than seven months in any calendar year or that have average receipts in a six month period that are less than 1/3 of the average receipts in the other six months of the year.  As set forth in the federal regulations, an "establishment … refers to a 'distinct physical place of business' rather than to 'an entire business or enterprise.'"  29 C.F.R. 779.23; 779.303.  Accordingly, FanFest and each All-Star Game related event is a separate establishment.  For example, FanFest operates as a separate, independent establishment at a new physical and functionally distinct location in a different city.  In addition, FanFest is always physically located at a separate location from MLB's corporate offices and serves a separate and distinct function from MLB's principal operations.  As alleged in the Complaint, FanFest 2013 operated for a five-day period with an informational meeting and a one-time training session for volunteers in the six weeks before the event, and the Complaint does not allege that any other FanFest operated differently.  These activities are well within the seven month time period required by Section 213(a)(3).  Accordingly, each year's All-Star Game event, including FanFest, is exempt from the minimum wage requirements of the FLSA.

<u>Plaintiff and the Putative Collective Members Were Not Employees within the Meaning of New York Labor Law</u>

Defendants will further argue that the volunteers were not employees under New York Labor Law § 651(5)(o), which excludes from the definition of employee "any individual who is … permitted to work … as a volunteer at a recreational or amusement event run by a business that operates such events, provided that no single event lasts longer than eight consecutive days and no more than one such event concerning substantially the same subject matter occurs in any calendar year."  For the reasons articulated above, the allegations in the Complaint establish that the All-Star Game events, including FanFest, meet all of these requirements.

For these reasons, we request a pre-motion conference to discuss Defendants' motion to dismiss or that the motion be addressed at the initial conference currently scheduled for October 7, 2013 at 4:30 PM.

**Proskauer»**

The Honorable John G. Koeltl
October 1, 2013
Page 4

Respectfully Submitted,

s/ *Elise M. Bloom*

Elise M. Bloom


cc:     Justin M. Swartz, Esq.
        Juno Turner, Esq.
        Mark Batten, Esq.
        Joshua Fox, Esq.
        Seth Kaufman, Esq.